FORTEZA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 487.—Decided April 5, 1921.

RECORD OF TITLE—CONTRACT—PROMISE TO SELL—CONDITIONAL CONVEYANCE.—
The contract whose admission to record was refused by the registrar is more than a promise to sell, for it conveyed the ownership subject to certain suspensive and resolutory conditions not contrary to law or good morals; therefore it is recordable.

The facts are stated in the opinion.
*Mr. R. Arce* for the appellant.
The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Deed number 115 for the ''purchase and sale of rural property,'' executed on September 8, 1920, was presented in the Registry of Property of Caguas and the registrar refused to record it because the contract therein contained ''is in fact

a promise of sale and such promise of sale is not recordable in the registry of property according to law and to the jurisprudence laid down by the General Directorate of Registries of Spain in its decision of March 12, 1864.'' The ''grantor'' objected to the decision and took the present appeal therefrom.

The deed in question sets out that the parties entered into a ''contract for the purchase and sale'' of a rural property, which is described, under the following terms and conditions:

''*Purchase and Sale.*—First: Benjamín Forteza Segura hereby sells to the Central Defensa, Inc., and its successors and assigns the rural property described in the first paragraph of this deed, agreeing that after all of the stipulations of this contract shall have been complied with the said corporation shall become the sole owner of the said real property.—*Purchase Price, Manner of Payment and Resolutory Condition of the Contract.*—Second: The purchase price of the said property is twenty-five thousand dollars, which sum the Central Defensa, Inc., and its successors and assigns formally bind themselves to pay to Forteza Segura, or his successors in interest, at this city of Caguas within five years from this date, without interest, it being agreed, however, that if at the expiration of the first two years of the five years fixed for the consummation of this contract the Central Defensa, Inc., or its successors or assigns, shall not have paid the said twenty-five thousand dollars to Forteza Segura, the grantor shall be entirely free either to wait until the expiration of the remaining three years and then demand from the Central Defensa, Inc., the payment of the said sum in order that the purchase and sale may be wholly consummated, or he may freely seek another purchaser of the property and sell it to him forthwith for such a sum as they may agree upon, it being stipulated that, in the latter event, in order to rescind this contract of purchase and sale and totally cancel such record thereof as may have been entered in the registry of property in favor of the Central Defensa, Inc., or its successors or assigns, it will be sufficient to present in the registry of property a certified copy of the new deed of purchase and sale executed by Benjamín Forteza Segura, or his successors in interest, in favor of the new grantee of the property; * * * .—Third: Benjamín Forteza Segura shall continue in

full material possession and use of his land, paying the taxes in his own name, without paying any rent to the Central Defensa, Inc., until the said corporation or its successors or assigns make payment in full of the twenty-five thousand dollars and until the grantor is fully paid for the products, growing crops and buildings that may be on the land when the grantee corporation shall take possession thereof.''

The appellant maintains that:

''The deed in question contains all of the essential elements necessary in a contract of purchase and sale. But the parties stipulated two conditions, one suspensive and the other resolutory, and no doubt this fact led the registrar to mistake the real nature of the contract, as appears from his decision.

''The suspensive condition, which involves or may be considered as a deferred obligation, tends to leave the grantor in the material possession of the property until the grantee shall have paid the purchase price; but it is to be noticed that the grantee corporation at its pleasure can pay the price before the expiration of the time fixed for its payment, for it is not said that the money must be paid exactly at the expiration of the stipulated five years, but within that time; therefore, it remains at the option of the grantee to pay forthwith and take material possession of the land. The reason for this stipulation is obvious. The grantor conveyed his right of ownership without receiving at the time the purchase money, and no interest having been fixed to accrue thereon during the delay in its payment, it was then decided, as a matter of equity, that the grantor should take the products of the property until the debt should be discharged. The stipulation, in fact, operates as a compensation in products for the interest on the purchase price, for if the Central Defensa had paid the purchase price in cash, Forteza would have delivered to it at once the material possession of the property.''

In accordance with the law, deeds conveying the ownership of real property are recordable in the registry. A promise of sale is not a conveyance and, consequently, would not be recordable. That is the only question determined by the decision of the General Directorate of Registries of Spain cited by the registrar; but the contract in this case is more than a promise.

Galindo and Escosura in volume 1 (fourth edition), page 260, of their Commentaries, say:

"Titles whereby ownership is most commonly conveyed are those of purchase and sale, exchange, gift, advance of legitime, dowry, partnership, compromise, assignment, inheritance, betterment, bequest, servitude and allotment; but it should be borne in mind that these are not the only ones and that under the first article of the Regulations contracts which, although having no specific names in the law, modify forthwith, or in the future, any ownership of or property rights in real property, are also recordable."

The contract under consideration is not contrary to law or good morals. It affects a real property already recorded in the registry. One of the purposes of the registry is to give public notice of all transactions affecting the ownership of, or property rights in, real property. It is a fact that under the said conditions the ownership of the property was affected, and it is in conformity with the law that the transaction should be recorded in the registry, the record being a notice to all persons who in any manner may have an interest therein.

This being so, we are of the opinion that the decision appealed from should be reversed and the record ordered as requested.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.